CHARLES BARNUM, as Supervisor, etc., Respondent, *v.* THE BOARD OF SUPERVISORS OF SULLIVAN COUNTY, Appellant.

The provision of the act authorizing municipalities to issue bonds to aid in the construction of railroads (§ 4, chap. 907, Laws of 1869, as amended by chap. 283, Laws of 1871), which require taxes collected on the assessed valuation of a railroad in a municipality which has issued bonds to aid in the construction of the railroad, to be applied by the county treasurer to the purchase of said bonds, or to be invested as a sinking fund for their redemption, is not limited to the bonds originally issued, but where new bonds have been issued to retire and pay off the old ones, they are covered by the provision, as they represent in all respects the same debt.

Reported below, 62 Hun, 190.

(Argued January 25, 1893; decided February 7, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 24, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action to recover taxes paid on the property of the Port Jervis and Monticello railroad in the town of Thompson, Sullivan county, New York, for the years, 1871 to 1887, inclusive, and appropriated by the county treasurer to the payment of county indebtedness instead of being applied as required by chapter 907 of the Laws of 1869, as amended by chapter 283 of the Laws of 1871.

The facts, so far as material, are stated in the opinion.

*Lewis E. Carr* for appellant. The plaintiff's remedy, assuming there was one, was not by an action against the board of supervisors but by mandamus or certiorari. The decision of that body on the plaintiff's claim was ·final until reviewed and reversed in the proper way and by the proper method of procedure. That method was not by an action at law to recover the moneys claimed. (*Strough* v. *Bd. Suprs.*, 119 N. Y. 212, 219, 220; *Bridges* v. *Suprs.*, 92 id. 570, 581; *Newman* v. *Suprs.*, 45 id. 676; *Dewey* v. *Suprs.*, 62 id. 294; *People* v. *Suprs.*, 67 id. 109, 114; *Osterhout* v. *Rigney*, 98 id. 222, 232, 233; *People ex rel.* v. *Barnes*, 114 id. 317; *People ex rel.* v. *Suprs.*, 51 id. 401; *People ex rel.* v. *Suprs.*, 70 id. 228, 233; *People ex rel.* v. *Suprs.*, 56 Hun, 459; *People ex rel.* v. *Suprs.*, 25 id. 131; *Spaulding* v. *Arnold*, 125 N. Y. 194.) The judgment appealed from was based on error because at the time this claim was made and this action was brought no bonds of the town of Thompson were outstanding to which the statutes of 1869 and 1871 apply. If the town ever incurred any obligation in aid of this railroad, it had been theretofore extinguished. (*Horton* v. *Town of Thompson*, 71 N. Y. 513; *Thompson* v. *Perrine*, 103 U. S. 806; *Orleans* v. *Platt*, 99 id 676; *Clark* v. *Sheldon*, 106 N. Y. 104; *Hawks* v. *Weaver*, 46 Barb. 164; *Miller* v. *Scherder*, 2 N. Y. 262; *Suydam* v. *Smith*, 7 Hill, 182; *Van Tassel* v. *Derembacker*, 56 Hun, 477.) The recovery, if well founded, was far too much. The amount of the tax for school purposes should have been deducted. (2 R. S. [8th ed.] 1301, 1302; Laws of 1887, chap. 638.) The recovery was, in any event, too much, because it included more years than fell within the rule of limitation adopted by the court. (*Green* v. *Roworth*, 113 N. Y. 462, 467; *T. Nat. Bank* v. *Parker*, 130 id. 415, 417; *Kelly* v. *Leggett*, 122 id. 633; Code Civ. Pro. § 1207.)

*T. F. Bush* for respondent. It is contended by the defendant that the original bonds having been adjudged void by the Court of Appeals, were put out of existence by that decision, and the town, therefore, had no bonds to which these taxes

could be applied. This is untenable. (*Strough* v. *Bd. Suprs.*, 50 Hun, 54 ; 119 N. Y. 212.) This statute like all others must be interpreted and enforced in accord with its spirit and in view of the purpose to be accomplished. (*In re Breslin*, 45 Hun, 210, 214; *Smith* v. *People*, 47 N. Y. 330; *People* v. *Davenport*, 91 id. 574; *Bell* v. *Mayor*, 105 id. 139, 144; *Delafield* v. *Brady*, 108 id. 529; *People* v. *LaCombe*, 99 id. 49; *Weiler* v. *Newbach*, 47 Hun, 168; *Van Tassell* v. *Derrembacker*, 56 id. 477.) The act providing for issuing new bonds for the purpose of paying and taking up the old ones is consistent with the act of 1869, and both may stand together. (*Ackerson* v. *Suprs.*, 45 N. Y. S. R. 173 ; *People ex rel.* v. *Suprs.*, Id. 89 ; *Crowninshield* v. *Bd. Suprs.*, 124 N. Y. 583.)

FINCH, J. All the questions in this case, except one, are covered by the opinion in *Kilbourne* v. *Supervisors of Sullivan Co.*,\* and need not be further discussed. The question peculiar to this case, grows out of the refunding of the bonds of the town under the act of 1883. The facts are briefly these. The town of Thompson issued its bonds in aid of the Monticello & Port Jervis R. R. Company, under the act of 1868 (chap. 553), as amended by the act of 1869 (chap. 96). The bonds were delivered to the railroad company in exchange for its stock, and passed by sale into the general market. The town undertook to resist its liability on the bonds, and in *Horton* v. *Town of Thompson* (71 N. Y. 513) the whole issue was declared void by this court; but actions were afterwards brought in the Federal court upon the matured coupons, and the bonds held to be valid and binding obligations of the town. (*Thompson* v. *Perrine*, 103 U. S. 806, 106 id. 589.) Judgments followed as of course, and the town found itself liable upon its bonds, notwithstanding the favorable decision in this court. Our view of the law did not help or mitigate the actual condition, and the town was compelled to take steps to provide for the payment of the debt which a competent court had adjudged to exist. The original bonds

---

\**Ante*, page 170.

drew seven per cent interest. In 1883 an act was passed (chap. 226) which authorized the town to issue bonds at a lower rate of interest to refund its original debt. With that new issue the judgments for interest were discharged, and the old bonds paid off and retired, so that the new issue is alone outstanding. It is now claimed that the act of 1869 (chap. 907), as amended in 1871 (chap. 283), under which this action is brought, does not cover the new issue of bonds, but spent its entire force upon those originally executed. That is a distinction which we cannot approve. A doctrine of similar character was rejected by us in *City of Poughkeepsie* v. *Quintard*, (136 N. Y. 275). We there maintained the substantial identity of the one existing debt, although, in the process of refunding, the old bonds had been paid off. We regarded it as the renewal or extension of an old debt instead of the creation of a new one. The reasons are quite as clear in the present case. The new bonds stand in the place and stead of the old securities; they represent in all respects the same debt and the same liability: they are practically and substantially bonds issued in aid of the railroad company, notwithstanding their new form and later issue; for they represent and secure that identical debt, and were created to fund and pay it. There is not a single reason which justifies the application of the act of 1869 to the old bonds which does not equally apply to the new. The theory of the act was that the town had borne the burden of creating a new taxable property within its limits, and should have the benefit of the taxes resulting, until its burden was lifted. Refunding has only reduced the annual interest pressure, but has not removed the burden, and to say that the technical payment of the old bonds as a necessary step in the process of renewal, has at all satisfied the purposes and objects of the act of 1869, is to put form in the place of substance, and make the mere security for the debt the object of protection, instead of the debt itself. Such a construction would destroy and render ineffectual the obvious purpose of the law in every case where the saving of interest by a permitted refunding can only be accomplished by retiring and paying off the old bonds with the proceeds of the new.

The question of costs included in the judgments will not arise until they are solely represented by outstanding bonds.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.